**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

JIM CAMPBELL, et al.

    Plaintiffs,

vs.                                                                        CV No. 17-1215 MV/CG

MONIQUE JACOBSON, et al.,

    Defendants.

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** is before the Court on *Defendants' Motion and Memorandum in Support to Enter Into an Agreed to Confidentiality Order*, (Doc. 32), filed June 21, 2018. Plaintiffs and Defendants New Mexico Children Youth and Families Department and Monique Jacobson (hereinafter "CYFD") hereby agree to the terms, restrictions, and conditions outlined herein governing the production of certain confidential and sensitive documents and information. Pursuant to the parties' agreement, the Court hereby enters this Confidentiality Order.

1)     The categories of documents that may be designated as confidential in this matter are:

    (a)     Confidential documents contained in the CYFD file of or regarding minor Mason Andrew Campbell, which are in the custody or control of the New Mexico Children, Youth, and Families Department;

    (b)     Medical and psychiatric records of minor child Mason Andrew Campbell; and

    (c)     Any other documents the parties designate as Confidential.

2) The producing party shall mark all confidential material as "Confidential," in such manner as will not interfere with the reasonable legibility thereof. Confidential material shall be clearly marked prior to production of documents; however, any document inadvertently not stamped confidential, and which is brought to the attention of the receiving party in writing, will be treated as confidential pursuant to the terms of this Order. All confidential materials designated in accordance with this section will be maintained and handled in accordance with the provisions of this Order.

3) Confidential materials or information contained in documents may be shown, disseminated, or disclosed only to the following persons:

   (a) The parties and their counsel of record in this case, including other members of counsels' law firm and any other counsel who may be associated to assist in the handling, preparation and trial of this case;

   (b) Staff employees of the parties' counsel or associated counsel who assist in the handling, preparation, and trial of this case;

   (c) Experts and consultants retained by the parties' counsel for assistance in the preparation and trial of this case;

   (d) Copy and imaging services used by the parties' counsel to copy documents, which are not to remain in the possession of the copy service;

   (e) The Court, the Court's staff, witnesses, and the jury in this case;

   (f) Court reporters retained in relation to this case;

   (g) Mediators, including staff employees and/or associates who assist in the handling, preparation and mediation of this case; and

(h)   Insurance adjusters or other insurance representatives.

4) Authorized persons obtaining access to the documents shall be advised of the terms of this Order and shall use the information only for the purpose of this case (including appeals and retrials) and shall not use such information for any other purpose whatsoever.

5) Counsel for the party receiving confidential material shall keep all such material within their exclusive possession and control and shall maintain such material and information in their offices or other secure facility.

6) Nothing in this Order shall preclude any party from opposing production of any documents or information for any reason other than that it is Confidential Information, or from seeking further or different relief should future activities indicate such need.

7) This Order does not constitute any ruling on the question of whether the above described documents are properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility.

8) Nothing in this Order shall preclude a party from redacting additional information regardless of whether such information is specifically identified herein.

9) Upon the conclusion of litigation in this matter, and prompted by the request of counsel, within 30 days, the persons to whom the Confidential Information was produced shall destroy all copies, including CDs or other electronic storage devices which were provided by the producing party, of the Confidential Information and shall certify that all Confidential Information was destroyed, including all copies made by that party/person. The persons to whom the

Confidential Information was produced shall also permanently delete any and all copies of the Confidential Information which may have been saved to a computer or electronic storage system, and shall certify that all Confidential Information was permanently removed from all electronic storage systems.

10) This Order is not intended to create a burden on the Court or the parties. Notwithstanding any other provision of this Order, the parties shall be entitled to identify and use confidential material as attachments or incorporate such material into any pleading, motion, deposition, transcript, or other paper in this case pursuant to the procedures set forth in Paragraph 11, below.

11) Before any Confidential material is filed with the Court as attachments or incorporated into any pleading, motion, deposition, transcript or other paper in this case, the party filing the document shall make reasonable, good faith efforts to ensure that disclosure of the Confidential material is required to support the pleading or motion and not merely cumulative or that the Confidential material is a necessary attachment to the deposition. If counsel for a party intends to file Confidential material with the Court as an attachment or incorporate Confidential material into any pleading, motion, deposition, transcript or other paper in this case, counsel for the party shall consult with counsel for the party who produced the Confidential material ("Designating Party") to determine whether the documents may be filed or incorporated with redactions or whether they must be filed under seal. In the event the parties cannot agree, then the Designating Party shall be allowed ten (10) business days to file a motion with the Court. If the Designating Party does not file such motion within ten (10) business days the

party seeking to file the document may proceed to file the document.

12) A party may contest confidentiality designations at any time. If any party contends that any materials designated as "Confidential" do not meet the requirements for designation, that party (the "Contesting Party") may contest the designation by providing the Designating Party with written notice of the specific documents at issue and the basis for the Contesting Party's position that they were improperly designated as "Confidential." If the Designating Party agrees to the de-designation of the documents, or fails to respond within ten (10) business days, the documents will be deemed to have been de-designated. However, if the Designating Party responds within ten (10) business days and objects to the de-designation of the documents, the Contesting Party may file a motion with the Court seeking a ruling as to whether the documents meet the requirements for confidentiality designation under this Order and the Rules of Civil Procedure. Until a ruling is issued on such a motion, all parties must continue to treat the documents at issue as confidential.

13) With regard to the production of any CYFD or state employee personnel files or documents related to any CYFD or state employees, the following may be redacted, without a privilege log:

   (a) Employee Social Security numbers, dates of birth, and driver's license numbers;

   (b) Names, home addresses, personal telephone numbers, and Social Security numbers of employees' children, spouses, or other dependents;

   (c) Employee personal health information, unrelated to job performance;

(d) Information pertaining to the Family and Medical Leave Act;

(e) Information pertaining to wages, personal financial information, and state or federal tax forms; and

(f) Company account numbers.

14) After conclusion of this case, the provisions of this Order shall continue to be binding. The parties agree that the Court shall have jurisdiction over the parties and recipients of the subject documents for enforcement of the provisions of this Order.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE


APPROVED BY:

Law Office of Gary C. Mitchell, LLC

__via email June 12, 2018_____
Gary C. Mitchell, Esquire
P.O. Box 2460
Ruidoso, NM 88355-2460
443 Mechem Dr.
Ruidoso, NM 88345
*Attorney for Plaintiffs*


ATWOOD, MALONE, TURNER & SABIN P.A.

___/s/ Bryan Evans_____
Bryan Evans
Quincy J. Perales
P.O. Drawer 700
Roswell, NM 88202-0700
(575) 622-6221
*Counsel for Monique Jacobson and New Mexico Children, Youth, and Families Department*