# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JIM CAMPBELL and JENNIFER
CAMPBELL, as the next friends and
parents of MASON CAMPBELL, a child,

    Plaintiffs,

v.

BRIAN BLALOCK,* MONIQUE
JACOBSON, and NEW MEXICO
CHILDREN, YOUTH AND FAMILIES
DEPARTMENT, an Agency/Department
of the State of New Mexico,

    Defendants.

No. 2:17-cv-01215-PJK-CG

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the court on Defendants Brian Blalock, Monique Jacobson, and New Mexico Children, Youth & Families Department's (CYFD) Corrected Motion for Summary Judgment (ECF No. 44). Upon consideration thereof, the court finds that Defendants' motion for summary judgment is well taken and should be

---

\* Pursuant to Fed. R. Civ. P. 25(d), CYFD Cabinet Secretary Brian Blalock has been substituted for former Cabinet Secretary Monique Jacobson for official-capacity claims. See infra.

granted.[1]

**Background**

In this civil rights action removed to federal court, Plaintiffs Jim and Jennifer Campbell, the parents of minor Mason Campbell,[2] seek compensatory and punitive damages arising from the CYFD's alleged violations of Mason's constitutional and statutory rights.

On January 14, 2014, Mason entered the gym at Berrendo Middle School in Roswell, New Mexico. Pretrial Order at 28 (ECF No. 65). Using a modified, pump-action shotgun, he opened fire into a crowd of students waiting for school to begin. Id. He injured three people, two seriously. Id. Mason later pled no contest to three counts of aggravated battery with a deadly weapon and one count of unlawfully carrying a deadly weapon on school premises. Id.

On July 2, 2014, a state children's court judge ordered that Mason be placed in the custody of CYFD until he reached the age of 21, with the possibility of earlier discharge. Id. The judge ordered that CYFD "shall determine the appropriate placement, supervision and rehabilitation program for [Mason]." Id. The judge also recommended a course of psychological treatment and rehabilitation. Id. Now 18 years old, Mason has been in CYFD custody since age 13. Compl. at 2, 7 (ECF No. 1-1).

---

[1] This case was transferred to the undersigned on February 8, 2019. ECF No. 48.

[2] For clarity, each of the Campbells is referred to by their first name when mentioned individually, and as "the Campbells" or "Plaintiffs" when mentioned collectively.

The Campbells sued CYFD and its then–cabinet secretary, Monique Jacobson, alleging the agency had been deficient in its treatment of Mason during his time in state custody. See generally Compl. First, they alleged Mason's conditions of confinement violated the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's guarantee of substantive due process. Pls.' Resp. in Opp'n to Defs.' Mot. for Summ. J. at 21–22 (ECF No. 57). This claim includes CYFD's alleged failure: (1) to provide Mason with psychiatric care recommended by the sentencing judge and Mason's doctors; (2) to timely provide Mason with appropriate medical care (including eye exams, prescription eyeglasses, treatment for his scoliosis, and treatment for his heart condition); (3) to provide Mason with various educational opportunities; (4) to provide Mason with sufficient opportunities to make personal phone calls to his parents; (5) to provide Mason with a mattress appropriate for his scoliosis, aggravating chronic back pain, or to allow him to attend physical therapy; and (6) to provide Mason with adequate food (he consumes only a gluten-free diet). Compl. at 9–16. Second, they claim that CYFD violated Mason's equal protection and procedural due process rights under the Fourteenth Amendment by refusing to release him from custody for political reasons when a similarly situated minor would have been released. Id. at 13–15. Finally, they claim that CYFD failed to comply, out of negligence or gross negligence, with multiple statutory duties imposed on it by New Mexico state law. Id. at 2–7, 15–17. Their complaint seeks compensatory and punitive damages. Id. at 17–18. The pretrial order indicates that they also seek attorneys' fees. Pretrial Order at 3.

The case was removed to this court on December 11, 2017. Notice of Removal

(ECF No. 1). Defendant Monique Jacobson filed a Motion to Dismiss on December 18, 2017. Mot. to Dismiss (ECF No. 6). Defendants collectively filed a Corrected Motion for Summary Judgment on December 21, 2018. Defs.' Mot. for Summ. J. (ECF No. 44).[3]

**Discussion**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court views the factual record and reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party. See Birch v. Polaris Indus., Inc., 812 F.3d 1238, 1251 (10th Cir. 2015).

**A.     Claims Against CYFD Cabinet Secretary**

Plaintiffs sued Ms. Jacobson under 42 U.S.C. § 1983, which provides a cause of action where a state official has violated a plaintiff's federal rights while acting under color of state law. The legal analysis for a § 1983 suit requires consideration of how the plaintiff has chosen to sue the state officer: Was the state official sued in her "personal capacity" (also known as her "individual capacity"), or was she sued in her "official capacity," or both? In this case, the complaint and briefing are not clear on this issue.[4]

---

[3] In considering Defendants' summary judgment motion, the court relied on Plaintiffs' third Response in Opposition (ECF No. 57) consistent with the parties' agreement at the status conference held March 13, 2019. See Clerk's Minutes (ECF No. 63). Additionally, the court relied on the Pretrial Order submitted by the parties and approved with modifications by the court on March 14, 2019. See Pretrial Order (ECF No. 65).

[4] The litigation has been confusing in several ways. Beginning with the complaint itself, on the one hand, Plaintiffs captioned their case as a suit against "Monique Jacobson,

Accordingly, given the lack of clarity and out of an abundance of caution, the court will analyze Plaintiffs' original complaint as if it were against Ms. Jacobson in both her official and personal capacities.

1.  **Official-Capacity Claims**

Since the filing of Plaintiffs' suit, Ms. Jacobson has left her position as CYFD cabinet secretary. The Federal Rules of Civil Procedure provide that when an official "ceases to hold office while [an] action is pending," the successor in office "is automatically substituted as a party." Fed. R. Civ. P. 25(d). The court may order the substitution at any time. Id. The court is also permitted to take judicial notice of any fact that cannot reasonably be disputed, and the court may do so on its own motion. See Fed. R. Evid. 201(b) & 201(c)(1). Accordingly, the court takes judicial notice, on its own motion, of the fact that Ms. Jacobson is no longer the CYFD cabinet secretary and that her replacement is Brian Blalock. See Office of the Governor, Children, Youth & Families Department, https://www.governor.state.nm.us/our-leadership/children-youth-families-department/ (last visited Mar. 18, 2019). Mr. Blalock, in his official capacity as CYFD cabinet secretary, is substituted pursuant to Rule 25 as the proper party for the portion of this litigation originally instituted against Ms. Jacobson in her official capacity

---

CYFD Cabinet Secretary," which suggests a suit against her in her official capacity as a government agent. Compl. at 1. On the other, the only relief they requested in their complaint was money damages, which suggests a suit against Ms. Jacobson in her personal capacity. Id. at 17–18. Defendants meanwhile argued that the suit is against Ms. Jacobson in her official capacity, and yet they raised the defense of qualified immunity, which is only available in personal-capacity suits. Compare Defs.' Mot. for Summ. J. at 9–10, with id. at 11.

as cabinet secretary. (For simplicity, however, and because Ms. Jacobson is the person alleged to have overseen the violation of Mason's rights, the court will continue to refer to her rather than Mr. Blalock.)

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). A state, a state agency, or a state official acting in his or her official capacity is not a "person" for § 1983 damages liability; moreover, a suit in federal court against the state for damages is barred by Eleventh Amendment and sovereign immunity and New Mexico has not waived its immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Nichols v. Danley, 266 F. Supp. 2d 1310, 1313 (D.N.M. 2003) (noting New Mexico has not waived sovereign immunity except to the extent permitted under the New Mexico Tort Claims Act). That said, a civil rights plaintiff may seek prospective injunctive relief against a named state official. Will, 491 U.S. at 71 n.10; Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985).

Here, Plaintiffs' complaint failed to request any declaratory or injunctive relief. The only relief requested by Plaintiffs — whether in their complaint or in the pretrial order — was money damages. Without a request for specific injunctive relief, a demonstration of the inadequacy of remedies at law, and a demonstration that specific violations of Mason's constitutional rights are likely to recur, Plaintiffs are not entitled to an injunction against the cabinet secretary. See City of Los Angeles v. Lyons, 461 U.S.

95, 111–12 (1983); cf. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 & 32 (2008) (describing the permanent injunction standard). Because the Campbells are "merely seeking to address alleged past harms rather than prevent prospective violations of federal law, [the court] can only reasonably categorize such relief as retrospective." Buchheit v. Green, 705 F.3d 1157, 1159 (10th Cir. 2012). "As such [the complaint] does not fall into the Ex parte Young exception to state sovereign immunity," and the court must dismiss the official-capacity claims.

2.  **Personal-Capacity Claims**

Ms. Jacobson, rather than Mr. Blalock, remains a proper party for the portion of the litigation instituted against her in her personal capacity for money damages. A personal-capacity claim is against her as an individual, not the department for which she worked. Cf. Hafer v. Melo, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them. By contrast, officers sued in their personal capacity come to court as individuals." (citations omitted)); Graham, 473 U.S. at 165 (noting that official-capacity suits are merely another way of pleading an action against the government entity that employs the agent, rather than against the agent herself).

Under § 1983, state officials sued in their personal capacity for damages are entitled to qualified immunity unless a plaintiff can show that both: (1) the plaintiff's federal constitutional or statutory right was violated by the defendant and (2) the right violated was clearly established at the time of the official's conduct. See A.M. v. Holmes, 830 F.3d 1123, 1134 (10th Cir. 2016). The court may address the qualified

immunity question in any order. See Pearson v. Callahan, 555 U.S. 223, 236 (2009). Failure to establish either of the two requirements is fatal. See id. For a right to be "clearly established," it must be clear to a reasonable official that her conduct would violate the law. See A.M., 830 F.3d at 1135. In general, that requires a plaintiff to identify a decision of either the Supreme Court or the Tenth Circuit holding that an official violated the law under similar circumstances. See Grissom v. Roberts, 902 F.3d 1162, 1168 (10th Cir. 2018).

Plaintiffs alleged that CYFD and Ms. Jacobson violated various statutory duties required by New Mexico *state law*, not federal law. But § 1983 is not a mechanism for enforcing duties of care arising out of state tort law; it is only a vehicle for the vindication of federal rights.[5] See Haines v. Fisher, 82 F.3d 1503, 1508 (10th Cir. 1996). None of statutory duty claims are cognizable under § 1983.

Plaintiffs' federal constitutional claims under the Eighth and Fourteenth Amendments also fail. First, Plaintiffs' Eighth Amendment claim rests on Mason's conditions of confinement. To succeed on a claim regarding conditions of confinement, a plaintiff must show deliberate indifference on the part of custodial officials. See Wilson v. Seiter, 501 U.S. 294, 302–04 (1991). Plaintiffs have failed to present any evidence regarding Ms. Jacobson's state of mind or personal treatment of Mason,[6] her exercise of

---

[5] To the extent these claims are cognizable under New Mexico's Tort Claims Act, they may be pursued on remand in state court. The court expresses no view on the merits of any state-law claims.

[6] Plaintiffs' substantive due process claim is likewise unsupported. Plaintiffs have not demonstrated "deliberate indifference" for their Eighth Amendment claim, much less

8

control or direction over the facilities, or her failure to supervise; nor have they demonstrated any causal connection between any of the secretary's conduct and the claimed violation of Mason's constitutional rights.[7] See Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997) (requiring "an affirmative link between the constitutional deprivation" and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise). Plaintiffs have failed to demonstrate Ms. Jacobson violated Mason's Eighth Amendment or substantive due process rights.

As for Plaintiffs' procedural due process and equal protection claims, both are likewise foreclosed. There is no evidence to support that Mason was treated differently than similarly situated minors in CYFD custody, nor any evidence to support that Ms. Jacobson played a role in any disparate treatment. Plaintiffs' equal protection claim fails. The procedural due process claim, meanwhile, is premature at best because Mason has failed to exhaust his administrative remedies regarding his discharge from custody. Until he has availed himself of CYFD's available process, such a claim is premature.

Plaintiffs have failed to demonstrate a constitutional violation, let alone one attributable to Ms. Jacobson. Under the first factor of the qualified immunity test, she is

---

conduct that "shocks the conscience" that would support relief under substantive due process. See, e.g., Cty. of Sacramento v. Lewis, 523 U.S. 833, 847, 853–55 (1998).

[7] To the extent Plaintiffs claim the cabinet secretary is responsible for an unconstitutional policy or custom, that case law is inapposite because it governs suits against municipalities and local officials, not state agencies or state officials. See generally City of St. Louis v. Praprotnik, 485 U.S. 112 (1988); Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978); cf. Dodds v. Richardson, 614 F.3d 1185, 1199–1200 (10th Cir. 2010) (analyzing a sheriff's supervisory liability in a suit against the sheriff and municipality for money damages).

entitled to qualified immunity on all the federal claims against her in her personal capacity. See Alden, 527 U.S. at 757 (restating the rule that suits against state officers for damages are available only when the "unconstitutional or wrongful conduct [is] fairly attributable to the officer himself"). In conclusion, Mr. Blalock as cabinet secretary, and Ms. Jacobson in her individual capacity, are entitled to summary judgment.

**B.     Claims Against CYFD**

As noted, states are entitled to sovereign immunity from suit for damages because they are not "persons" subject to the statute. See Will, 491 U.S. at 71. This immunity from suit extends to state agencies and departments as arms of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990); see also Nichols, 266 F. Supp. 2d at 1313. States are likewise immune from suit for declaratory or injunctive relief; the proper defendant for an injunction or a declaratory judgment is a state official responsible for carrying out state law. See Alden, 527 U.S. at 747, 756–57; see also Ex parte Young, 209 U.S. 123 (1908). But see Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 270 (1997) (noting the limits of this rule).

While an officer of a state agency may be sued in her official capacity for declaratory or injunctive relief, see Hafer, 502 U.S. at 25, and in her personal capacity for damages, see id., the agency itself is immune from suit in federal court unless it waives immunity and consents to being sued. See Alden, 527 U.S. at 755–58. Accordingly, CYFD is entitled to dismissal of the federal claims against it.[8]

---

[8] Again, claims against CYFD itself may be cognizable under the New Mexico Tort Claims Act; if so, they may be pursued in state court on remand. The court expresses no

C.  **Supplemental Jurisdiction Over State-Law Claims**

Under 28 U.S.C. § 1367, district courts may exercise supplemental jurisdiction over state-law claims that are "so related" to a party's federal claims that they "form part of the same case or controversy." Id. § 1367(a). However, a district court may also "decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c). When Defendants removed this dispute to federal court, Plaintiffs' § 1983 suit formed the basis for original federal jurisdiction in this case, but all of those federal claims will be dismissed. The Tenth Circuit has advised that when only state-law claims are left for decision, the court should usually exercise its discretion to decline supplemental jurisdiction. See VR Acquisitions, LLC v. Wasatch Cty., 853 F.3d 1142, 1149–50 (10th Cir. 2017). Accordingly, this court will remand Plaintiffs' state-law claims to New Mexico state court.

NOW, THEREFORE, IT IS ORDERED that (1) Defendants' Corrected Motion for Summary Judgment (ECF No. 44) filed December 21, 2018, is granted in part as to all federal claims, (2) Defendant Monique Jacobson's Motion to Dismiss for Failure to State a Claim (ECF No. 6) filed December 18, 2017, is denied as moot, and (3) Plaintiffs' state-law claims are remanded to the First Judicial District Court of the State of New Mexico.

---

view on the merits of any state-law claim.

DATED this 22nd day of March 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Gary Mitchell, Mitchell Law Office, Ruidoso, New Mexico, for Plaintiffs.

Bryan Evans, Carla Neusch Williams, Quincy J. Perales, and K. Renee Gantert, Atwood Malone Turner & Sabin P.A., Roswell, New Mexico, for Defendants.